# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:06CV368-MU-1

| | |
|---|---|
| CHAD TYRONE KINCAID, ) | |
| ) | |
| Plaintiff, ) | |
| Vs. ) | **ORDER** |
| ) | |
| BURKE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983, filed November 9, 2006.

Plaintiff has filed a Complaint alleging that on June 6, 2005, two Burke County sheriff's deputies (John Doe # 1 and John Doe # 2) knocked at the door of his girlfriend's house and informed him that they had a warrant for his arrest for failure to pay child support in Caldwell County. Plaintiff states that he asked if he could call his girlfriend to inform her of his arrest and the deputies agreed to let him call her. Plaintiff states that he then ran off through the yard toward an adjacent field. Plaintiff states that the deputies chased him and in an attempt to avoid them he hurdled a barbed-wire fence. Plaintiff states that he became entangled in the fence and cut his foot and strained his leg. Plaintiff asserts that the deputies climbed the fence and resumed custody of him. After handcuffing him they pulled him to a standing position. At that point Plaintiff alleges he informed them that he was injured and he requested medical attention. Plaintiff alleges that the deputies denied him medical care and proceeded to drive him to the Caldwell County line where

they handed him over to Caldwell County deputies. Plaintiff states that he again requested medical attention for his bleeding foot but was instead taken to the magistrate's office. It was only after his appearance before the magistrate that he was taken to the Caldwell County Memorial Hospital.

Plaintiff states that at the hospital he was examined and given an ace bandage and crutches for his leg strain. Plaintiff asserts that the hospital staff did not treat his bleeding foot. Back at the jail, Plaintiff alleges that he requested a foot covering because he did not have on shoes or socks and did not want to put his open wound on the jail floor. Plaintiff alleges his request was denied and he was placed in solitary confinement for requesting assistance.

Plaintiff states that he was finally bailed out of jail by his girlfriend on June 9, 2005. Plaintiff alleges that he eventually went to the emergency room and was admitted to the hospital for two weeks. Plaintiff states that he was subsequently admitted to the hospital for another two week period.

Plaintiff seeks one million dollars in damages.

## **ANALYSIS**

Plaintiff fails to state a claim against Burke County. In order to state a claim of municipal liability a Plaintiff must allege that his injury was caused by the execution of a municipal custom or policy. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff does not allege that the actions he complains of were taken pursuant to a custom or policy. Consequently, Plaintiff fails to state a claim against Burke County.

Plaintiff also fails to state a claim against the Sheriff of Burke County.

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not allege any personal conduct by the Sheriff with regard to the incidents that form the basis of his Complaint. In fact, Plaintiff does not connect the Sheriff in any way to the incidents that form the basis of his Complaint. Consequently, Plaintiff fails to state a claim against the Sheriff of Burke County.

Likewise, Plaintiff fails to allege any personal fault on the part of either Caldwell County Memorial Hospital or its administrator based on either defendant's personal conduct or another's conduct in execution of the defendants' policies or customs. Consequently, the Caldwell County Memorial Hospital and the administrator of such hospital are dismissed from this case. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).

Plaintiff also alleges that the two Burke County sheriff's deputies that arrested him were deliberately indifferent to his serious medical need. More specifically, he alleges that despite his bleeding foot, they denied him medical care. Plaintiff states in his Complaint that after taking him into custody these Defendants drove him straight to the county line to transfer him to sheriff's deputies in the county where he was wanted for child support. First, it is likely that Plaintiff's injury was not, at the time of his arrest, a serious medical condition. Second, the short delay in medical treatment resulting

from the transfer of Plaintiff by these Defendants to the proper authorities does not constitute deliberate indifference.  Consequently, the two Burke County sheriff's deputies are dismissed from this case.  See Kane v. Hargis, 987 F.2d 1005, 1009 (4th Cir. 1993)(finding no unconstitutional denial of medical treatment for pretrial detainee who was in custody only for four hours and suffered cracked teeth, a cut nose, and a bruised face); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(finding "no serious medical needs," and hence no constitutional violation , of pretrial detainee who had cut over one eye, a quarter-inch piece of glass in palm, and bruises on shoulders and elbows for fourteen hours before given treatment).

Plaintiff also names his treating physician as a defendant.  Plaintiff never specifically states that he asked the doctor to look at his foot.  Nor does he provide any reason the doctor would not have treated his foot. To establish a constitutional violation based on inadequate medical care, an inmate must show that the defendant acted with "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position.  Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990).  In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation.  See Daniels v. Williams, 474 U.S. 327 (1986).  At most, the physician's alleged failure to treat Plaintiff's cut foot constitutes negligence or inadvertence and therefore is not actionable under § 1983.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED**.

Signed: December 6, 2006

Graham C. Mullen
United States District Judge